### Ex parte CHEUK GAR LIM.

(District Court, N. D. California, S. D. December 18, 1922.)

#### No. 17660.

Ambassadors and consuls ☞3—Son of accredited official of foreign government cannot be excluded for contagious disease.

> Since only the Immigration Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼a–4289¼u) provides for the exclusion of aliens afflicted with contagious diseases, and section 3 of that act, providing for the exclusion, contains a provision that the act shall not be construed to apply to accredited officials of foreign governments, nor to their families, the son of an accredited official of the Chinese government cannot be excluded because he is suffering from a contagious disease.

Petition by Cheuk Gar Lim for writ of habeas corpus. On demurrer to the petition. Demurrer overruled, and petitioner discharged.

George A. McGowan, of San Francisco, Cal., for petitioner.

John T. Williams, U. S. Atty., and Ben. F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

DOOLING, District Judge. Petitioner is the minor son of a native of China, who was admitted into the United States as an accredited official of the Chinese Government. The son accompanied the father to this country as a member of his father's family, but was denied admission for the reason that he was found to be afflicted with clonorchiasis, a dangerous contagious disease.

The immigration law (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼a–4289¼u) provides for the exclusion of aliens for that reason, but my attention has been called to no other law that does so. The immigration law, however, contains the following provision:

> "Provided, further, that nothing in this act shall be construed to apply to accredited officials of foreign governments, nor to their suites, families, or guests."

This provision could hardly be made broader. "Nothing in the act shall apply to" the named officials, "nor to their suites, families or guests." And this provision is the last one in section 3 of the act, the only section which excludes because of the existence of a dangerous contagious disease. I see no reason for holding that the act does not mean what it says, or that petitioner is not exempt from its provisions. No particular form of proof of relationship is required by the act, and

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the fact that petitioner is the son of the official seems to be conceded.

The demurrer will therefore be overruled, and as it is stipulated that in such event the return to the writ can set up nothing new, the petitioner will be discharged.